```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DIRECTV, INC., a California corporation, | |
| Plaintiff, | HONORABLE JEROME B. SIMANDLE |
| v. | Civil No. 03-2474 (JBS) |
| MAURICE GALLAGHER, MICHAEL GROVES, and CARMAN IANNELLI, | **OPINION** |
| Defendants. | |

APPEARANCES:

Marc E. Wolin, Esq.
Hope M. Lloyd, Esq.
SAIBER, SCHLESINGER, SATZ & GOLDSTEIN, LLC
One Gateway Center, 13th Floor
Newark, NJ 07102-5311
    Attorney for Plaintiff

Mr. Michael Groves
P.O. Box 511
Blackwood, NJ 08012-0511
    Defendant pro se

**SIMANDLE**, District Judge:

   This matter comes before the Court upon the unopposed motion for summary judgment against Defendant Michael Groves by Plaintiff DirecTV, Inc.  For the reasons stated below, Plaintiff's motion for summary judgment will be granted.

## BACKGROUND

   Plaintiff DirecTV, Inc. ("DirecTV") is a California-based company in the business of distributing satellite television

broadcasts throughout the United States.  (Compl. at ¶ 1.)  The programming is electronically scrambled by DirecTV and is transmitted from satellites to DirecTV subscribers who receive the signals through the use of DirecTV hardware including a small satellite dish, an integrated receiver, a DirecTV access card and cabling.  (Id. at ¶2.)  The DirecTV access card unscrambles the signals for those programs paid for by the subscriber.  (Id.)

A number of companies have engaged in the internet sale of illegal equipment designed to modify or circumvent DirecTV's signal-scrambling technology, including Canadian Security and Technology.  With the assistance of law enforcement authorities, DirecTV obtained the business records and sales records of a shipping facility used by Canadian Security and Technology, listing sales of the illegal equipment to individuals, including many subscribers to DirecTV programming.  (Id. at ¶ 3.)  According to these records, Defendant Michael Groves purchased illegal equipment, including five unloopers, which are designed for the theft of DirecTV's satellite television programming.  (Id. at ¶ 13(a).)

Plaintiff DirecTV filed its Complaint in the instant action on May 23, 2003.  Plaintiff served Defendant Groves with a copy of the Summons and Complaint on September 8, 2003 and Plaintiff filed a return of service with the Court on October 25, 2004.  (Certification of Marc E. Wolin, Esq. at ¶ 3; Ex. A.)  On October

2

8, 2003, Defendant Groves filed an Answer to the Complaint. (Id. at ¶ 4.) Plaintiff thereafter served requests for production of documents and requests for admissions upon Defendant Groves at the address listed on the summons, on July 8, 2004. (Id. at ¶ 5; Ex. B.) By letter to Magistrate Judge Ann Marie Donio, dated August 6, 2004, Defendant acknowledged receipt of Plaintiff's written discovery requests. (Id. at ¶6; Ex. C.) Defendant, however, has not answered Plaintiff's requests for admissions, interrogatories or requests for production of documents. (Id. at ¶ 6.)

DirecTV filed it motion for summary judgment against Defendant Groves on November 2, 2004, which is unopposed. Plaintiff argues that Defendant is deemed to have admitted each and every unanswered Request for Admission made by DirecTV, thereby providing the basis for this motion.

## DISCUSSION

Summary Judgment Motion Standard of Review

On a motion for summary judgment, the court must determine whether "there is no genuine issue as to any material fact and that the moving party is entitled to judgment of law." Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999) (citing Fed. R. Civ. Proc. 56(c)). A party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio

3

Corp., 475 U.S. 574, 586 (1986).  If the nonmoving party fails to oppose the motion by evidence such as written objection, memorandum, or affidavits, the court "will accept as true all material facts set forth by the moving party with appropriate record support."  Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990) (quoting Jaroma v. Massey, 873 F.2d 17, 21 (1st Cir. 1989)).  If the nonmoving party has failed to establish a triable issue of fact, summary judgment will not be granted unless "appropriate" and only if movants are entitled to a judgment as a matter of law.  Fed. R. Civ. Proc. 56(e); see Anchorage Assocs., 922 F.2d at 175.

Facts Deemed Admitted as a Result of a Failure to Respond

    DirecTV served Defendant Michael Groves with Requests for Admissions under Fed. R. Civ. P. 36(a) on July 8, 2004, of which Defendant acknowledged receipt in a subsequent letter to Magistrate Judge Ann Marie Donio.  (See Wolin Cert. at ¶ 6; Ex. C.)  DirecTV's Requests for Admissions were properly served and were easily answered by stating either "admitted" or "denied" as required by Rule 36.  See United Coal Companies v. Powell Construction Co., 839 F.2d 958, 967-68 (3d Cir. 1988) (noting that Rule 36 requests should be simple and concise and capable of being admitted or denied without explanation).

    Defendant did not timely respond to the requests and DirecTV thus argues that they should now be deemed admitted under the

self-enacting provisions of Rule 36(a), which states in relevant part:

> The matter is admitted unless, within 30 days after the service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter signed by the party or the party's attorney.

Fed. R. Civ. P. 36(a).  "The purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested." United Coal Companies, 839 F.2d at 967.  Therefore, "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."  Fed. R. Civ. P. 36(b).  An admission under Rule 36 is an "unassailable statement of fact."  Langer v. Monarch Life Ins. Co., 966 F.2d 786, 803 (3d Cir. 1992) (quoting Airco Industrial Gases, Inc. v. Teamsters Health & Welfare Pension Fund, 850 F.2d 1028, 1037 (3d Cir. 1988)).

It is well established that admissions under Rule 36 are conclusive and sufficient to support summary judgment.  See Langer, 966 F.2d at 803; Anchorage Associates, 922 F.2d at 176 n.7 (citing Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976), cert. denied, 429 U.S. 1038 (1977)).

By his affirmative decision not to respond to DirecTV's discovery requests, Defendant Groves has admitted that (I) he

5

purchased five unloopers from Canadian Security and Technology on May 10, 2001; (ii) he ordered the unloopers from outside the State of New Jersey and he received them at his residence in Cherry Hill, New Jersey; (iii) he had a DirecTV satellite dish and access card at his home at the time of the purchase; and (iv) that the email address "instlr65@aol.com," used to place the order of unloopers from Canadian Security and Technology, was his email address. (See Wolin Cert. at ¶5; Ex. B.) Groves further admits that he used the unloopers, knowing that the primary design and purpose of the unloopers he purchased was assisting in the unauthorized reception of DirecTV satellite television programming. (Id.) Defendant's admissions that he purchased, received, possessed and used the unloopers to decrypt DirecTV's signal form the basis of this motion for summary judgment.

DirecTV's Claim Under 47 U.S.C. § 605

Under the Communications Act, any person aggrieved by violations of § 605(a) may bring a cause of action against such violators. See 47 U.S.C. § 605(e)(2). Violations of § 605(a) include, inter alia, receiving and/or assisting others in receiving satellite transmissions of television programming without authorization. See generally, TKR Cable Co. V. Cable City Corp., 267 F.3d 196, 200 (3d Cir. 2001). The Third Circuit's decision in TKR Cable Co. supports DirecTV's claims against Defendant arising from his interception of satellite

6

signals because in TKR, the Third Circuit expressly stated that liability under § 605 applies to "pirates who directly intercept airborne transmissions." Id. at 200.  DirecTV has alleged such facts in the Complaint, those facts are deemed admitted and DirecTV has therefore proven a violation of § 605.

The Communications Act provides that the Court "may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of [the Communications Act]." See 47 U.S.C. § 605(e)(3)(B)(I). This Court will therefore grant DirecTV summary judgment on its claims under the Federal Communications Act and an injunction prohibiting Defendant from committing further violations.

DirecTV's Claims Under 18 U.S.C. §§ 2511 and 2512

DirecTV argues that it has a civil remedy for violations of 18 U.S.C. § 2511(1)(a), which addresses one who "intentionally intercepts, endeavors to intercept, or procures another person" to do so, and 18 U.S.C. § 2512(1)(b), which addresses anyone who "possesses" a device "knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications."[1]  Civil claims for relief based on violations of

---

[1]Section 2512(1)(b) also prohibits the manufacture, assembly and sale of devices that are primarily used for the surreptitious interception of satellite signals.

these provisions of the United States Code are authorized by 18 U.S.C. § 2520(a), which states:

> Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a). Plaintiff thus relies upon Section 2520(a) to seek summary judgment and assess statutory damages against Defendant Groves, as the facts alleged in the Complaint regarding the Defendant's liability are deemed admitted and it is therefore established that the Defendant purchased and used illegal access devices to intercept DirecTV satellite transmissions with the intent to avoid payment to DirecTV for the pirated programming in direct violation of § 2511(1)(a).

The overwhelming authority in this District makes clear that an entity, such as DirecTV, may bring a private cause of action for violations of § 2511.[2] With respect to a private cause of

---

[2] DirecTV, Inc. v. Gallagher, U.S. Dist. LEXIS 23645 (D.N.J. Nov. 6, 2003); DirecTV, Inc. v. Rohloff, 03-CV-2571 (JBS) and DirecTV, Inc. v. Weikel, 03-CV-5300 (JBS) (D.N.J. Opinion April 29, 2004); DirecTV, Inc. v. Timari, 03-CV-4371 (DMC) (D.N.J. Opinion April 16, 2004); DirecTV, Inc. v. Figueroa, 03-CV-4396 (FLW) (D.N.J. Memorandum Opinion April 14, 2004); DirecTV, Inc. v. Glaser, 03-CV-5209 (SRC) (D.N.J. Order April 5, 2004); DirecTV, Inc. v. Hoy, 03-CV-2503 (SRC) (D.N.J. Order April 5, 2004); DirecTV, Inc. v. McQueeney, 03-CV-5250 (SRC)(D.N.J. Order April 5, 2004); DirecTV, Inc. v. Seijas, 03-CV-2429 (SRC) (D.N.J. Order April 5, 2004); DirecTV, Inc. v. Pinckney, 03-CV-5616 (JHR) (D.N.J. Order March 29, 2004); DirecTV, Inc. v. Graff, 03-CV-5715

action under § 2512, however, the law is not as clear. On June 15, 2004, the United States Court of Appeals for the Eleventh Circuit held that 18 U.S.C. § 2520(a) does not create a private right of action against persons in possession of pirate access devices in DirecTV, Inc. v. Treworgy, 373 F.3d 1124 (11th Cir. 2004). The Eleventh Circuit determined that civil recovery under § 2520(a) may be had for violations of the chapter, but only when there is a violation of 18 U.S.C. § 2511. Relying on the plain language of § 2520(a), the Eleventh Circuit held that §2520(a) does not create a private right of action against a person who possesses a device in violation of § 2512(1)(b). Treworgy thus holds that one may recover damages only where there are "interceptions, disclosures, and uses of electronic communications," all of which are within the ambit of § 2511. Treworgy, 373 F.3d at 1127. At present, the Eleventh Circuit is

---

(JAP) (D.N.J. March 24, 2004); DirecTV, Inc. v. Marino, 03-CV-5606 (GEB) (D.N.J. March 5, 2004); DirecTV, Inc. v. Rogers, 03-CV-2415 (JLL) (D.N.J. Opinion & Order Feb. 28, 2004); DirecTV, Inc. v. Anthony, 03-CV-4378 (JLL) (D.N.J. Opinion & Order March 4, 2004); DirecTV, Inc. v. McMahon, 03-CV-5614 (JEI) (D.N.J. Order Feb. 25, 2004); DirecTV, Inc. v. Cimiluca, et al., 03-CV-2422 (JWB) (D.N.J. Order & Opinion Jan. 26, 2004); DirecTV, Inc. v. Moreno, 2003 U.S. Dist. LEXIS 22219 at *10-15 (D.N.J. Dec. 11, 2003); DirecTV, Inc. v. Russomano, et al., 2003 U.S. Dist. LEXIS 23403 at *7-10 (D.N.J. Nov. 12, 2003); DirecTV, Inc. v. Needleman, 2003 U.S. Dist. LEXIS 23645 at *11-12 (D.N.J. Nov. 6, 2003); DirecTV, Inc. v. Cino, 03-CV-2430 (MLC) (D.N.J. Order Nov. 3, 2003 and Sept. 17, 2003); DirecTV, Inc. v. Crothers, 03-CV-2432 (MLC) (D.N.J. Order Sept. 17, 2003).

the first and only court of appeals to have addressed this issue[3]; the Third Circuit has not yet spoken.[4]

In this case, however, Plaintiff has established a prima facie case for Defendant's actual interception of its satellite signal in violation of § 2511(a). Since Plaintiff seeks summary judgment and corresponding damages for a single violation of either § 2511 or § 2512, (see Pl.'s Brief at 21, n.9), this Court need not consider the more difficult issue presented by a case of mere possession of an interception device within § 2512, which Treworgy found was not actionable under § 2520. Because Plaintiff has demonstrated its entitlement to recover for the § 2511 interception, which is arguably more serious misconduct than the private possession of a device under § 2512, Plaintiff's quest for a statutory remedy will be served by the imposition of statutory damages redressing the § 2511 violation.

Damages and Fees/Costs

For actions in violation of the Electronic Communications Privacy Act, § 2520 authorizes either actual damages suffered by

---

[3]While the Fourth Circuit Court of Appeals held in Flowers v. Tandy, 773 F.2d 885 (4th Cir. 1985) that § 2520 did not confer a private cause of action against a defendant who manufactured or sold a device in violation of § 2512(1)(b), Flowers was decided prior to the 1986 amendments to the Wiretap Act.

[4]In a separate case decided today, DirecTV v. Weikel, et al., 03-CV-5300 (JBS), this Court has held that 18 U.S.C. § 2512(1)(b) is a criminal statute which does not give rise to a private right of action under § 2520, following the reasoning in Treworgy.

10

the plaintiff or "statutory damages of whichever is greater of $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520(c)(2). The purpose of statutory damages is to do more than make the victim whole; statutory damages also serve to penalize the wrongdoer and deter future misdeeds. See Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 233 (1952) ("[t]he statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct").

The Third Circuit has stated, moreover, that even in the absence of any economic harm, imposition of statutory damages remains an available alternative because it serves as a deterrent to the wrongdoer. See Schnall v. Amboy Nat'l Bank, 279 F.3d 205, 216-17 (3d Cir. 2002). The rationale for such a decision, especially in the context of satellite signal piracy, is clear. A "broad ability to bring the private right of action . . . decreases the burden on already overextended federal prosecutors . . . [and] help[s] to guarantee the collapse of the manufacture, distribution, and use network for devices to intercept electronic communications." DirecTV, Inc. v. Gatsiolis, 2003 U.S. Dist. LEXIS 23403 (N.D. Ill. Aug. 27, 2003). If no damages are awarded for violation of the Electronic Communications Privacy Act, no deterrent will exist to those who have engaged or may seek to engage in similar conduct in the future.

DirecTV submits that it has been actually damaged by Defendant's interception of its satellite transmissions because every time its signal is improperly intercepted, it loses revenue. However, without Defendant's responses to discovery, DirecTV's actual damages are difficult to quantify. Therefore, as noted above, DirecTV has requested an award of statutory damages pursuant to § 2520 and requests statutory relief for a single violation of either § 2511 or § 2512. Here, DirecTV is entitled to a statutory award of $10,000 for the device that Defendant purchased and used to intercept DirecTV's satellite transmissions. See Community Television Sys., Inc. v. Caruso, 284 F.3d 430, 435-36 (2d Cir. 2002) (a proper plaintiff is entitled to a minimum statutory award of $10,000 "each time a device is purchased and installed").

Moreover, DirecTV is entitled to its reasonable attorneys' fees and costs in pursuing this action. The Wiretap Act provides that an aggrieved party may recover "reasonable attorneys' fees and other litigation costs reasonably incurred" as a result of the unauthorized reception of satellite programming. 18 U.S.C. § 2520(b)(3).

Injunctive Relief

Finally, DirecTV requests injunctive relief under the Communications Act and the Electronics Communications Privacy Act. As previously discussed above, the Communications Act

12

provides that courts "may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of [the Communications Act]."  47 U.S.C. § 605(e)(3)(B)(I).  In addition, the Electronic Communications Privacy Act provides that a court may award "such preliminary and other equitable or declaratory relief as may be appropriate."  18 U.S.C. § 2520(b)(1).  Based on these provisions, this Court will grant Plaintiff's request and permanently enjoin Defendant from committing or assisting in the commission of any violation of 47 U.S.C. § 605, or violation of 18 U.S.C. § 2511.

## CONCLUSION

Therefore, for the reasons discussed above, Plaintiff DirecTV's motion for summary judgment against Defendant Michael Groves is granted.  The accompanying Order will be entered.

 **May 25, 2005**                         **s/ Jerome B. Simandle**
DATE                                       JEROME B. SIMANDLE
                                           United States District Judge