```
             THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DIRECTV, INC., | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 03-02474 (JBS) |
| v. | **MEMORANDUM OPINION** |
| CARMAN IANELLI, | |
| Defendant. | |

**SIMANDLE**, District Judge:

This matter is before the Court on the motion of Plaintiff DIRECTV, Inc. ("DIRECTV") to enforce the settlement agreement between itself and the defendant, Carman Ianelli [Docket Item 110]. THIS COURT FINDS AS FOLLOWS:

1. On May 22, 2003, Plaintiff filed suit against numerous individual defendants, including Defendant Ianelli, alleging that they purchased, possessed, and used illegal equipment designed to steal Plaintiff's satellite television programming in violation of numerous federal statutes [Docket Item 1].

2. Plaintiff subsequently filed a stipulation of dismissal as to Defendant Ianelli only, signed by counsel for Plaintiff and Defendant Ianelli, pursuant to F. R. Civ. P. 41(a)(1)(ii) [Docket Item 109]. The stipulation of dismissal provided that the dispute between Plaintiff and Defendant Ianelli had been "amicably adjusted" and that Plaintiff's action against Mr. Ianelli would be dismissed with prejudice "except that the Court

shall retain jurisdiction over this matter to enforce the terms of the parties' Settlement Agreement" [id.]. The Court ordered Plaintiff's case against Ianelli dismissed on July 28, 2005 [id.].

3. On March 27, 2007, Plaintiff filed a motion with this Court to enforce its settlement agreement [the "Agreement"] with Defendant Ianelli [Docket Item 110]. The motion alleges that Defendant Ianelli has failed to comply with the terms of the Agreement to the extent that he has failed to make some of the scheduled payments the Agreement requires. Plaintiff alleges that it communicated by telephone with Mr. Ianelli's counsel regarding the missing payments, and wrote to Mr. Ianelli to discuss Mr. Ianelli's noncompliance with the terms of the Agreement, but has yet to receive the full payment to which it is entitled under the Agreement.

4. Plaintiff did not file a copy of the Agreement with its motion, and redacted in its brief the figures representing the payments Mr. Ianelli has made and the amount that is overdue. Plaintiff's letter brief states that "[b]ecause the Settlement Agreement between DIRECTV and defendant Ianelli is confidential, a copy of the agreement is not being electronically filed with the Court, and the Consent to Judgment has been redacted. Complete unredacted copies of both documents, however, are being forwarded to Judge Simandle, and defendant's counsel" [id.]. The

Court has no record of having received an unredacted copy of this document.

5. Local Rule 5.3 governs requests to seal documents and 5.3(c) describes the steps for electronically filing documents under seal. Under Rule 5.3(c), "[a]ny request by a party or parties to seal, or otherwise restrict public access to, any materials or judicial proceedings shall be made by formal motion pursuant to L. Civ. R. 7.1."

6. In electronically filing redacted documents and in omitting the Agreement from its electronic submission, Plaintiff has not complied with the requirements of Rule 5.3. The Court cannot determine whether an order to enforce the Agreement is called for because it does not have the Agreement, or the figures representing Mr. Ianelli's compliance or noncompliance with the Agreement, before it.

7. Accordingly, the Court will dismiss Plaintiff's motion to enforce its settlement agreement [Docket Item 110] without prejudice to refiling. Plaintiff is directed to refile its motion in accordance with Local Civil Rule 5.3(c), if it intends to request permission from the Court to file documents under

seal. The plaintiff must also provide the Court with a courtesy copy of its motion and supporting documents.

**November 29, 2007**                              **s/ Jerome B. Simandle**
Date                                               Jerome B. Simandle
                                                   U.S. District Judge